IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NASCHEM COMPANY, LTD. and
DAE UP SOHN,

                Plaintiffs,

   v.

BLACKSWAMP TRADING CO., LAMPS, INC., d/b/a
ENVIRONMENTAL RECYCLING, INC., SPORTS
LINE DISTRIBUTORS, INC., ERIC W. URBAN,
MICHELLE URBAN, PAUL COTTRELL,
MIKE DOLKOWSKI, MATT ZACHARY, MARTIN
BRUCE FAIERSTAIN, JOHN HAYNES and
GEORGE COMBS,

                Defendants.

OPINION and ORDER

08-cv-730-slc

---

      Plaintiffs Naschem Company, Ltd. and Dae Up Sohn are suing each of the defendants for allegedly infringing three patents related to a cap light: U.S. Patent Nos. 7,118,241, 7,163,309 and D507,065. Defendant Sports Line Distributors, Inc., along with its employees defendants Martin Bruce Faierstain (president), George Combs (fishing manager) and John Haynes (sales associate), have a filed a two-part motion. Dkt. 12. First, they argue that the court lacks personal jurisdiction over defendants Faierstain and Haynes and that venue is improper here with respect to those two defendants. Second, they argue that plaintiffs' claims against them should be severed under Fed. R. Civ. P. 20 and either dismissed or transferred to the Northern District of Illinois, where an exercise of jurisdiction over Faierstain and Haynes would be proper and which is more convenient for Sports Line and Combs. (In their opening brief, these defendants asked that the entire case be dismissed or transferred, but they narrowed their request in their reply brief when the other defendants declined to join their motion and plaintiffs pointed out in their brief in opposition that the record contained no evidence that jurisdiction or venue would be proper in Illinois with respect

to those other defendants.) For the reasons stated below, I agree with defendants that the case should be severed and that the claims against Sports Line and its employees should be transferred to the Northern District of Illinois.

Plaintiffs have the burden to make out a prima facie case that an exercise of personal jurisdiction is proper. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 n.11 (7th Cir. 2003); *Hyatt International Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Under the due process clause, a defendant may not be sued in a particular state unless that defendant could reasonably anticipate being haled into court as a result of contacts the defendant has established there. *International Medical Group, Inc. v. American Arbitration Association, Inc.*, 312 F.3d 833, 846 (7th Cir. 2002).[1]

In this case, it is undisputed that neither Faierstain nor Haynes has ever lived or worked in Wisconsin, is personally involved in the sale or solicitation of cap lights in Wisconsin or has engaged in any other business in Wisconsin. Despite these undisputed facts, plaintiffs say that Faierstain and Haynes may be sued in Wisconsin because "[d]efendants have admitted that Sports Line has sold cap lights to three customers that may have places of business in the Western District of Wisconsin." Dkt. 28, at 5.

Plaintiffs' allegation fails to show that this court may exercise jurisdiction over defendants Faierstain and Haynes. Plaintiffs do not explain what they mean that customers "may" have places of business of Wisconsin and they fail to specify whether the cap lights sold to those customers are related to this case. Even more important, the statement relates to defendant Sports Line's

---

[1] Plaintiffs must show that Wisconsin's long arm statute is satisfied as well, *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 664 (7th Cir. 1986), but I need not reach that issue.

2

contacts with Wisconsin, not the contacts of defendants Faeirstain and Haynes. Although acting as a corporate agent does not shield individuals from an exercise of personal jurisdiction, *Hardin Roller Corp. v. Universal Printing Machinery, Inc.*, 236 F.3d 839, 842 (7th Cir. 2001), it is well established that the contacts of a corporation with a state may not be imputed to the corporation's employees. *Calder v. Jones*, 465 U.S. 783, 790 (1984); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984). Rather, a court must conduct an individualized analysis as to each defendant to determine whether that defendant has sufficient contacts with the state. *Keeton*, 465 U.S. at 781 n.13

With respect to Faierstain and Haynes individually, plaintiffs say only that Faierstain is Sports Line's president and that Haynes sent an email to one of plaintiff Naschem's distributors and later spoke to the distributor's owner, informing him that Sports Line "had stock of the cap lights and could ship them whenever [the distributor] was ready to place an order." Pearson Aff. ¶¶5-6, dkt. 30. However, relying on Faierstain's *status* as the president rather than any actions he took is simply another way of arguing that Sports Line's contacts should be imputed to Faierstain. Haynes' alleged contact with the distributor is even less helpful to plaintiffs; it provides no reason to believe that Haynes has had any contacts with Wisconsin.

Accordingly, I agree with defendants that plaintiffs have failed to make a prima facie showing that this court may exercise personal jurisdiction over defendants Faierstain and Haynes. This makes it unnecessary to consider whether venue is proper with respect to these two defendants. Normally, when a court lacks jurisdiction over a defendant, the complaint must be dismissed as to that defendant. However, in this case, dismissal is not required because I agree with defendants' other argument, which is that the claims against Sports Line, Faierstain, Haynes

3

and Combs should be severed under Fed. R. Civ. P. 20 and transferred to the Northern District of Illinois. *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (courts may deny motion to dismiss for lack of personal jurisdiction and instead transfer case to another venue where jurisdiction is proper).

Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); 3A *Moore's Federal Practice* § 20.06, at 2036-45 (2d ed.1978).

Plaintiffs cannot satisfy Rule 20 simply by alleging that each defendant engaged in acts of infringement. *Cf. Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994) (proper for district court to refuse to join claims for excessive force by different plaintiffs against same police officer because each involved "separate occurrence[s]"). Plaintiffs may satisfy the requirement for a "common question of law," but they have failed to make a showing that their claims against defendants Sports Line, Faierstain, Haynes and Combs arise out of the same transaction or series of transactions as the other defendants. Combs avers that Sports Lines does not sell the same cap lights that the other defendants sell. Combs Second Decl. ¶9, dkt. 33. Further, he avers that "Sports Line has absolutely no relationship, contractual or otherwise, with Blackswamp Trading Co., Lamps, Inc. d/b/a Environmental Recycling, Inc., Eric. W. Urban, Michelle Urban, Paul Cottrell, Mike Dolkwoski, or Matt Zachary." Combs Decl. ¶23, dkt. 24.

4

Plaintiffs' only response to these averments is that there must be "some connection" between defendant Blackswamp and defendant Sports Line because one of plaintiffs' distributors "received an email from John Haynes at Sports Line in response to [a] call to Blackswamp/Environmental Recycling." Plt.'s Br. at 23, dkt. 28; Pearson Aff. ¶5, dkt. 30. Plaintiffs did not submit the email and they provide no further details to support a belief that Sports Line is related to Blackswamp. They do not even explain why they believe the email its distributor allegedly received from Sports Line was "in response" to a call the distributor made to Blackswamp.

Defendant Sports Line expressly denies that it has any "communication mechanism whereby Sports Line employees would or could respond to communications made to Blackswamp or Environmental Recycling." Combs Second Decl. ¶8, dkt. 33. Defendant Haynes avers that he had not even heard of defendant Blackswamp until this lawsuit was filed. Haynes Second Decl. ¶9, dkt.34. Haynes has attached an email to his affidavit that shows he *did* communicate with the distributor in question around the time that plaintiffs allege. However, Haynes states in the email that he is following up a telephone conversation between the distributor and *Sports Line*, not between the distributor and Blackswamp.

In light of the specific facts provided by defendants showing the lack of *any* connection between defendants Sports Line and Blackswamp, the question is not a close one. Plaintiff's sparse allegation cannot establish or even allow the drawing of a reasonable inference that Sports Line and Blackswamp have a common scheme of infringement that would make joinder of their claims proper under Rule 20. Plaintiffs' claims against defendants Sports Line, Faierstain, Haynes and Combs must be severed from plaintiffs' claims against the other defendants. The new case will be assigned number 09-cv-281-slc.

Finally, I agree with defendants that plaintiffs' claims against defendant Sports Line and its employees should be transferred to the Northern District of Illinois under 28 U.S.C. § 1404, which allows a district court to transfer a case when the moving party has shown that transfer would serve the convenience of parties and witnesses and promote the interests of justice. As noted above, the due process clause prohibits this court from exercising jurisdiction over defendants Faierstain and Haynes. Further, it is undisputed that courts in the Northern District of Illinois could exercise jurisdiction over Faierstain and Haynes as well as Sports Line and Combs. That district would also be more convenient for those parties because Haynes, Faierstain and Combs live there and Sports Line's principal place of business is there. Because plaintiffs are citizens of Korea, both Wisconsin and Illinois are inconvenient for them. If anything, Illinois would be slightly less so because of more direct international access to Chicago.

Generally, courts hesitate to disturb a plaintiff's choice of forum, but "the presumption in favor of the plaintiff's choice of forum is diminished when it is not its home forum." *U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 752 (7th Cir. 2008) ("The more tenuous a party's relation to the forum, the weaker its case for litigating there.) The only advantage that plaintiffs identify to litigating the claims against defendant Sports Line here is that cases generally are resolved faster in this district than they are in the Northern District of Illinois. Although this is often a valid point, it is unpersuasive in the context of this case. To begin with, plaintiffs do not explain why time is of the essence in their case. Further, in light of the multiple transitions that the Western District of Wisconsin is undergoing, there is no guarantee that this court will resolve the parties' disputes significantly faster than another district. Finally, even if I assumed a speedier resolution in this district, speed is only one factor to consider. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). It would make little sense to have one lawsuit proceeding against

6

defendant Sports Line in this district and another lawsuit raising the same facts and issues against Sports Line's employees in another district. In light of this fact, the greater convenience of the Northern District of Illinois to defendants and the lack of any significant ties that plaintiffs have with Wisconsin, I conclude that it is appropriate to transfer the claims against defendant Sports Line and its employees to Illinois.

ORDER

It is ORDERED that:

(1) The motion filed by defendants Sports Line Distributors, Inc., Martin Bruce Faierstain, John Haynes and George Combs to sever the claims against them and to transfer those claims to the Northern District of Illinois is GRANTED;

(2) Plaintiffs Naschem Company Ltd.'s and Dae Up Sohn's claims against defendants Sports Line, Faierstain, Haynes and Combs are SEVERED from this case under Fed. R. Civ. P. 20; and

(3) The new case number assigned to these claims is 09-cv-281-slc. Case no. 09-cv-281-slc is TRANSFERRED to the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1404.

Entered this 6th day of May, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge